## BURTON ROBINSON and Wife v. INGRAM'S ADMINISTRATORS.

Supreme Court.  October, 1800.

High Court of Errors and Appeals.  August Term, 1803.

*Wilson's Red Book, 312.**

*Wilson* for demurrants.  *Bayard* for plaintiff.

*Wilson.*  If a *scire facias* could have properly issued in this case, it should have against the representatives of the person who condemned the stream, and not against the defendants as administrators; the defendants, considered as administrators, are subjected in respect of assets personal as well as real and are bound to apply the former first, yet there is no pretence for saying that that Act of Assembly which makes the condemnation money "a debt upon the estate of the owner or projector," 1 Del.Laws, Appendix 54, should extend to the personal estate of a purchaser. If the Act extends to personal estate, which seems to be admitted by a proceeding against administrators, it must fall on the personal estate of James Stevenson and Robert Stevenson, who are stated in the *scire facias* to have procured the condemnation. The suing defendants as administrators is an admission that they are not liable as terre-tenants and that therefore the condemnation money was not a lien upon the lands.  The words, "debt upon an estate," are not equivalent to the phrase, "a lien upon realty." Every debt is upon the estate of the party, as is evident from the avoidance of fraudulent alienations, and if the expression had

---

* For earlier proceedings in this case see above, *Wilson's Red Book, 259.*

been "a debt upon the person," it would scarcely have embraced infants and representatives. "Estate," as applied to realty, means the *quantum* of interest sometimes, and when used by tenant in fee simple will pass the inheritance; but that is not the meaning of the term in this Act. "Estate," with local description, sometimes only designates a particular portion of real property. In other instances "estate" is taken to signify real and personal property, and choses in action. It is certainly in this last sense the legislature intended it, and in no other would it have extended to the real and personal estate of the projector, even in the hands of an executor or heir. *Bona fide* purchasers and others who may be terre-tenants were not contemplated as responsible, rather than the representatives of the projector, who may have assets. But if the court should be of opinion that terre-tenants are at all events liable, still this *scire facias* ought not to have issued out of the Supreme Court upon a record in the Common Pleas, which by the Act was directed to be returned before that court and to be there filed of record.

Although a *scire facias* as to the pleadings and trial in it may be considered as an action, and is frequently so denominated, 2 Term 46, 1 Term 268, 2 Bl.R. 1227, 2 Ld.Raym. 1048, 1253, yet it is a judicial writ, 5 Com.Dig. 774, and a species of execution, 4 Com.Dig. 140, 4 Bac.Abr. 409.

This Court has no common law powers of issuing such a *scire facias,* for there was no *scire facias* at common law in personal actions after the year and day, nor upon a recognizance after that time, 5 Com.Dig. 773. Not being a *scire facias* at common law, it can only be by virtue of the Statute [of] Westminster II, c. 45, but that Statute does not give the *scire facias* to any court except that in which the record is. It is therefore laid down in 5 Com.Dig. 775 and 4 Com.Dig. 140 that a *scire facias* can only issue out of the court where the record or judgment is.

*Bayard.* This Act of Assembly authorizes the taking away a man's property against his will, which is the highest stretch of legislation and the party is entitled to certain and speedy compensation. With regard to the situation of defendants as coming in by purchase, if this condemnation created a lien, the purchaser must have had notice, the record being of public notoriety. There is no room to doubt that the expressions of the Act creating a debt upon the estate of the projector affected his real estate, otherwise it would have been confined to his person. The property itself, for which the condemnation was had, would be always a safe fund for payment, while his person would be often subjected to other claims, which might be entitled to priority.

"Estate" refers generally [to] real, not to personal property, as in a devise of "all my estate." If in this case it meant personal as well as real estate, the purchaser of any personal chattel might be answerable.

It appears to me there is no importance attached to the second objection to the *scire facias*. This Court and the Common Pleas have constitutionally concurrent jurisdiction. This record of condemnation is only directed to be returned and filed in the Common Pleas, which was for safe keeping. It may be considered as a record of the Justices of the Peace, who superintended the finding. It is not a judgment of the Common Pleas. The Act gives them no discretion over it.

Judgment for defendants.

———

Writ of error, and at August Term, 1803, the Court of Appeals reversed the judgment of the court below, and said that *scire facias* was the only remedy, and gave judgment for the condemnation money with interest, and remanded the record for execution.